## WILLARD & AL. *vs.* MOULTON.

Where one owning a farm, which he held by two deeds, the one conveying to him an undivided third part, and the other the residue, made a mortgage deed of a tract of land, described as being the same land mentioned in his *first* deed, to which he referred, and as being his whole farm ;—it was held that this reference to the first deed must be intended for description of the land only, and not for the quantity of estate or interest conveyed ; and that the mortgage extended to the whole farm.

THIS was a writ of entry in which were demanded two undivided third parts of a parcel of land in *Sanford.*

In a case stated by the parties it was agreed that they both claimed under deeds from *Abner Hill*; and that the point in controversy arose upon the construction of their several deeds.

It appeared that on the 14th of *May,* 1811, *Joseph Hill,* being the owner of the demanded premises, and twenty acres more adjoining the same, which composed his farm, conveyed to *Abner Hill* one undivided third part of all his lands. Afterwards, by deed dated *March* 26, 1813, he conveyed to *Abner* the remaining two thirds in fee; and *Abner* released to him the twenty-acre parcel, and another tract of the same quantity, by metes and bounds. Then, by deed dated *Nov.* 27, 1821, *Abner Hill* conveyed in mortgage to *Moulton* the present tenant, certain parcels of land particularly described by reference to the title deeds of various dates, some of which adjoined his farm, but all of which he had previously alienated to other persons;—" also one other parcel " of land situate in the same *Sanford,* with the appurtenances, " particularly described and mentioned in another deed from said " *Joseph Hill* to me, dated *May* 14, 1811;—said parcels of land " being all the farm on which I now live." *Abner Hill* at that time occupied the whole of the demanded premises, with some other parcels, as his farm; and it was conceded at the bar that the description, in the deed to *Moulton,* of lands to which the mortgagor had no title, was probably inserted by a mistake of the scrivener, in selecting the wrong deeds from a number before him.

The demandants' title was a deed of mortgage from *Abner Hill* dated *March* 4, 1822, conveying " all the tracts and parcels of " land situate and being in *Sanford*, which are particularly men- " tioned in a mortgage deed dated *Nov.* 27, 1821, conveying the " same to *Jeremiah Moulton* in mortgage," &c. " Also all and " every parcel of land mentioned in a deed from *Joseph Hill* to " me dated *March* 26, 1813,—reference thereto to be had," &c.

*Emery* and *Butler*, for the demandants, contended that nothing passed by the deed to the tenant, except what was conveyed to *Abner Hill* by the deed of *May* 14, 1811, which was only a third part of the farm; and that the general words in this deed to the tenant, like general words in a power of attorney, were to be taken, with reference to the particular description, by which they were limited and controlled. And they cited *Connolly v. Vernon* 5 *East* 51. *Worthington v. Hylyer* 4 *Mass.* 205. *Jackson v. Clark* 7 *Johns.* 217.

*Greenleaf*, for the tenant, argued that his mortgage was upon the whole farm; for which he cited *Worthington v. Hylyer* 4 *Mass.* 196. *Vose v. Handy* 2 *Greenl.* 322. *Jackson v. Clark* 7 *Johns* 217. *Cate v. Thayer* 3 *Greenl.* 71. If it was not, then he was tenant in common with the demandants; and a writ of entry would not lie against him, without an actual *ouster.*

MELLEN C. J. delivered the opinion of the Court at the ensuing term in Cumberland.

The only question in this cause is, whether the demanded premises were conveyed to the tenant by the mortgage deed of *Abner Hill* to him dated *Nov.* 27, 1821 ; for if so, the present action cannot be maintained. To answer this question correctly we must look back to prior transactions. On the 14th of *May*, 1811, *Joseph Hill* was the undisputed owner of the tract of land described in the writ (two undivided third parts of which are demanded in this suit) and twenty acres adjoining the same. On that day said *Joseph* conveyed one undivided third part of it to *Abner Hill*; and *March* 26, 1813, said *Joseph* conveyed to said

*Abner* the remaining two third parts, and on the same day *Abner* reconveyed said twenty acres to *Joseph* by metes and bounds. *November* 27, 1821, *Abner Hill* conveyed in mortgage to the tenant several pieces of land, not in dispute in this action, and also " one other tract of land situate in said *Sanford* with the " appurtenances, particularly described and mentioned" in the above deed from *Joseph* to *Abner* dated *May* 14, 1811. The deed purports to convey to the tenant " the tract of land described" in the deed of 1811; not the premises or estate conveyed to him in and by that deed, but the mortgagor refers to that deed for the particular description of the " tract of land" he is mortgaging to the tenant ; and in order to make himself more clear and intelligible, and to exclude the idea of his meaning to convey only an undivided third part of the tract described in the deed referred to—he adds " said parcels of land being all the farm on "which I now live". It is agreed that this tract, with some other small pieces, constituted his farm. This part of the description is correct and true, on one supposition, and would be false on the other. We ought not to reject either, unless one is false and the other true and sufficient in itself ; according to the principles laid down by the court in *Worthington v. Hylyer* 4. *Mass.* 205, and some other cases cited. Placing the facts in this simple point of view, the conclusion seems very clear that by the mortgage deed to the tenant of *Nov.* 27, 1821, the demanded premises, being two thirds of said tract were conveyed, as well as the one third part, which the demandant admits passed by that conveyance. The result is that this action cannot be maintained and a nonsuit must be entered.